# CIRCUIT COURT OF THE CITY OF RICHMOND

Lamar Advertising Co.,
Alan T. Shaia,
and Wayne T. Shaia

v.

Board of Zoning Appeals
of the City of Richmond

December 6, 2000

Case No. LF-2768-3

BY JUDGE T. J. MARKOW

The hearing on Petition for Writ of Certiorari came before the court on November 17, 2000. Petitioners are appealing a decision by the City of Richmond Board of Zoning Appeals (the "Board") that upheld the Zoning Administrator's determination that petitioner's billboard sign violated the forty-five foot maximum height limitation found in the City's zoning ordinance for buildings and structures located in industrial zones. The Board specifically ruled, "The Zoning Administrator correctly concluded that in 1977 the subject billboard was not constructed in compliance with the applicable ordinance and was never legal." Page 15, Board of Zoning Appeals Minutes, November, 3, 1999.

The City of Richmond issued a permit for the billboard, which is located on Mayo's Island in an area zoned industrial, on February 1, 1977. The billboard is visible to traffic on the Interstate 95 bridge that crosses the island. The sign rises forty-five feet above the grade of the bridge and approximately ninety feet above the grade of the island. When the City issued the permit in 1977, the 1975 Richmond City Code was in effect.

The standard of review for a court reviewing a decision of the Board of Zoning Appeals is well-known. There is a presumption that the Board's decision was correct. The decision can be overturned only if the court determines that it was plainly wrong and in violation of the purpose and intent of the zoning ordinance. *See Masterson v. Board of Zoning Appeals*, 233 Va. 37, 44, 353 S.E.2d 727, 732 (1987).

Petitioners' first argument is that the Zoning Administrator incorrectly measured the height of the billboard. Petitioners believe that the height should be measured from the level of the interstate bridge instead of from the ground of the island where the structure is located. If measured from the bridge, the billboard is only forty-five feet tall and within the applicable height limits. If measured from the ground, the billboard is approximately ninety feet tall and, therefore, exceeds the height limitation.

The zoning ordinance contains no direction on how to measure the height of structures like billboards. Common sense dictates that height is measured from the ground up. It was not plainly wrong, therefore, for the Board of Zoning Appeals to affirm the Zoning Administrator's decision that the billboard, when measured from the ground, exceeds the maximum height limitations.

Petitioners next assert that the "additional height" provision of the ordinance in effect in 1977 allowed for this billboard's height to be ninety feet. Petitioners misread this provision. The ordinance states:

> No building or structure shall exceed forty-five feet in height, provided that additional height shall be permitted when all portions of a building over forty-five feet in height are set back from side and rear lot lines a minimum of one foot for each two feet of height in excess of forty-five feet, and provided further that no portion of a building shall penetrate an inclined plane originating at the center line of an abutting street and extending over the lot at an inclination of one foot horizontal for each three feet vertical.

Richmond, Va., Code § 32.1-454.6 (1975) (current version at Richmond, Va., Code § 32-454.6 (1993)).

The plain language indicates that the additional height provision is applicable only to buildings and not to billboards, which are structures. As petitioners argued in their Brief in Support of Appeal from Board of Zoning Appeals Decision, a structure is not a building in this context. As such, the additional height provision of the 1975 ordinance did not allow for the billboard at issue to be ninety feet high as opposed to forty-five feet high.

Finally, petitioners argue that the City's zoning ordinance and the Board's decision conflict with Virginia Code § 33.1-370 and thus are preempted by it. Specifically, petitioners point to the section that reads, "The Commonwealth Transportation Board shall determine the size, lighting, and spacing of signs of this class, provided that such determination shall be no more restrictive than valid federal requirements on the same subject." Va. Code Ann. § 33.1-370(B) (Michie Supp. 2000). Petitioners contend that the Transportation Board, and not the city's zoning ordinance, controls the height of billboards and that the Board of Zoning Appeals erred in failing to take this fact into account.

With respect to this statute, the word "size" does not encompass height. The actual regulations implemented by the Department of Transportation indicate that "size" refers to the area of the face of the billboard and not to the height of the entire structure.[1] Because Virginia Code § 33.1-370 does not delegate the regulation of the height of billboard structures to the Transportation Board, the City's ordinance is not in conflict with the statute and is not preempted by it. The Board of Zoning Appeals, therefore, did not err when it failed to consider this provision in upholding the Zoning Administrator's determination that the sign did not conform to the height requirements of the zoning ordinance.

Because the Board of Zoning Appeals was not plainly wrong in its decision to uphold the Zoning Administrator's determination that petitioners' billboard violated the applicable height provisions, the Petition for Writ of Certiorari is overruled and the Board of Zoning Appeals decision is affirmed.

---

[1] The regulation designated "Size of signs" states, "The maximum area for any advertisement shall be 1,200 square feet with a maximum height of 25 feet and a maximum length of 60 feet, inclusive of any border and trim but excluding ornamental base or apron supports and other structural members." 24 VAC 30-120-30(A).